UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON, TEXAS

| | | |
|---|---|---|
| EXPERIENCE INFUSION CENTER, LLC | ) ) ) | |
| *Plaintiff*, | ) ) | |
| VS. | ) ) | NO. _____ |
| HEALTH CARE SERVICE CORPORATION, A Mutual Legal Reserve Company AND BLUE CROSS BLUE SHIELD OF TEXAS, A Division of HEALTH CARE SERVICE CORPORATION, A Mutual Legal Reserve Company | ) ) ) ) ) ) ) ) | JURY DEMANDED |
| *Defendants*. | ) ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Experience Infusion Center, LLC files this original complaint, complaining of Defendants Health Care Service Corporation, a Mutual Legal Reserve Company and Blue Cross Blue Shield of Texas, a Division of Health Care Service Corporation, a Mutual Legal Reserve Company. By this complaint, Plaintiff seeks recovery for actual damages, statutory penalties and interest, and attorney's fees, for Defendants' improper violations of the Texas Prompt Pay Act. Plaintiff's Original Complaint is set forth as follows:

### I.

### STATEMENT OF CLAIMS

This is a Texas Prompt Pay Act case. Plaintiff is a licensed health care provider who provided infusion care services to a number of Defendants' insureds as an out of network provider in the State of Texas. All of the infusion care services were provided to Defendants' insured in the State of Texas. During the time period when these patients were provided infusion care services, Plaintiff was a licensed health care provider with a valid NPI number through

1

which claims for infusion care services were submitted to Defendants for payment. During this time period, Plaintiff was also credentialed by Defendants to provide infusion care services to its insureds as an out of network provider.

All of the claims for infusion care services that were submitted by Plaintiff to Defendants for payment were expected to be properly and timely paid by Defendants according to the requirements of the Texas Prompt Pay Act; and, at the payment rate contained in the bills or invoices submitted to Defendants for payment. Despite the requirements of the Texas Prompt Pay Act, Defendants failed to timely and properly pay Plaintiff's claims, resulting in substantial damages. By filing this lawsuit, Plaintiff seeks to recover actual damages, statutory penalties and interest, and attorney's fees for all of the unpaid claims and underpaid claims for infusion care services that Defendants refused and/or failed to timely and properly pay in compliance with the Texas Prompt Pay Act.

To be clear, Plaintiff seeks recover the difference between the full amount billed and the amount paid, if any, for each and every infusion care service claim that Plaintiff submitted to Defendants for payment in regard to the infusion care services provided to Defendants' insureds. In support of these damages, Plaintiff has prepared a spreadsheet that itemizes the individual claims data information for each claim at issue in this case. Once a HIPAA compliant Qualified Protective Order has been entered by the Court, the spreadsheet will be produced to Defendants.

## II.

## PARTIES

### A.  *Plaintiff*

Plaintiff is a health care provider doing business as an infusion care center in Houston, Texas. Plaintiff is a resident and citizen of the State of Texas. At all times material to this case, Plaintiff provided infusion care services to Defendant's insureds as an out of network provider in the State of Texas. During the time period when these patients were provided infusion care services, Plaintiff was a licensed health care provider with a valid NPI number through which

claims for infusion care services were submitted to Defendants for payment. During this time period, Plaintiff was also credentialed by Defendants to provide infusion care services to its insureds as an out of network provider; and, all patient care and treatment occurred in Texas.

    B.    *Defendants*

Defendant Health Care Service Corporation, a Mutual Legal Reserve Company, is a citizen of the State of Illinois. This Defendant is an Illinois corporation with its principal place of business in Chicago, Illinois. Currently, and at the time of the events giving rise to this lawsuit, Defendant Blue Cross Blue Shield of Texas was a division of Health Care Service Corporation, a Mutual Legal Reserve Company. This Defendant may be served with citation through the following registered agent for service of process: Corporation Service Company, 211 East 7th Street Suite 620, Austin TX 78701-3218. The Clerk is requested to issue service of citation at this time so that this Defendant may answer and make an appearance in this lawsuit.

Defendant Blue Cross Blue Shield of Texas, a Division of Health Care Service Corporation, a Mutual Legal Reserve Company, is a citizen of Illinois. This Defendant is an Illinois corporation with its principal place of business in Chicago, Illinois. Currently, and at the time of the events giving rise to this lawsuit, Defendant Blue Cross Blue Shield of Texas was a division of Health Care Service Corporation, a Mutual Legal Reserve Company. This Defendant may be served with citation through the following registered agent for service of process: Corporation Service Company, 211 East 7th Street Suite 620, Austin TX 78701-3218. The Clerk is requested to issue service of citation at this time so that this Defendant may answer and make an appearance in this lawsuit.

### III.

### JURISDICTION AND VENUE

    A.    *Jurisdiction*

This Court has both subject matter and personal jurisdiction over Defendants. Pursuant to § 1332(a) of the United States Code, this Court has diversity jurisdiction over this case. 28

U.S.C.A. § 1332(a) (West 2015). The amount in controversy for this case, exclusive of interest and costs, exceeds the sum or value of $75,000.00; and Plaintiff and Defendants are citizens of different States. Specifically, Plaintiff is a citizen of the State of Texas and Defendants are citizens of the State of Illinois. Accordingly, this Court may exercise subject matter jurisdiction over this case.

This Court has personal jurisdiction over Defendants in this case for the following reasons: (1) At all times material to this case, Defendants were (and still are) licensed by the State of Texas as insurers to provide health insurance benefits to insureds in the State of Texas; (2) At all times material to this case, Defendants provided (and still provide) health insurance benefits to thousands of Texans all across the State of Texas and in the Southern District of Texas; (3) Defendants were the health insurers that provided health insurance benefits to the patients/insureds who were provided with out of network infusion care services by Plaintiff in this case; and, (4) The claims for infusion care services that were submitted to Defendants for full and prompt payment by Plaintiff were submitted to Defendants, processed by Defendants, and not properly or timely paid by Defendants in the State of Texas.

In sum, the evidence shows that this Court may exercise both general and specific personal jurisdiction over Defendants. Given the fact that Defendants conduct a substantial amount of business in the State of Texas and have purposefully availed themselves of the privileges and benefits of conducting business in the State of Texas, including the adjudication of claims of this nature in federal court in the State of Texas, Defendants have both continuous and systematic contacts with the State of Texas to support the exercise of general personal jurisdiction over Defendants. Additionally, based on their conduct in this case, Defendants have sufficient minimum, purposeful contacts with the State of Texas for this Court to exercise

specific personal jurisdiction over these Defendants in this case.  Finally, given Defendants' connection to the State of Texas, the exercise of personal jurisdiction over Defendants does not offend traditional notions of fair play and substantial justice.

    *B.*     *Venue*

Venue is proper in this Court and Division under § 1391(b)(1)-(2) of the United States Code because all Defendants "reside" in the State of Texas (in which this judicial district is located) based on the provisions of §§ 1391(c)(2) and 1391(d) of the United States Code; and, all or a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district. 28 U.S.C.A. § 1391(b)(1)-(2) (West 2015); 28 U.S.C.A. §§ 1391(c)(2), 1391(d) (West 2015). A civil action can be brought in a judicial district in which any defendant resides and a judicial district in which all or a substantial part of the events or omissions giving rise to the claim occurred.  28 U.S.C.A. § 1391(b)(1)-(2) (West 2015).  Venue is appropriate in this Court and division according to the venue provisions set forth in § 1391(b)(1)-(2) of the United States Code; and, §§ 1391(c)(2) and 1391(d) of the United States Code.  28 U.S.C.A. § 1391(b)(1)-(2) (West 2015); 28 U.S.C.A. §§ 1391(c)(2), 1391(d) (West 2015).

Pursuant to §§ 1391(c)(2) and 1391(d) of the United States Code, Defendants are corporate entities with the capacity to sue and be sued in their common name under applicable law.  28 U.S.C.A. §§ 1391(c)(2), 1391(d) (West 2015).  Defendants are also subject to personal jurisdiction in the State of Texas and this district. *Id.*  Accordingly, Defendants are deemed to reside in this district for venue purposes because Defendants are subject to personal jurisdiction with respect to the civil action in question.  28 U.S.C.A. §§ 1391(c)(2), 1391(d) (West 2015). Venue is proper in this Court and Division under 28 U.S.C.A. § 1391(b)(1) (West 2015).

Venue is also proper in this Court and Division under § 1391(b)(2) of the United States Code because all or a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district.  28 U.S.C.A. § 1391(b)(2) (West 2015).  As stated above, the claims asserted by Plaintiff against Defendants seek relief under the Texas Prompt Pay Act.  At the time of the events giving rise to this lawsuit, Plaintiff provided infusion care services to patients at multiple office locations in the Houston, Harris County area as well as in Highlands, Chambers County, Texas.  All of the infusion care services that were provided to Defendants' insureds in this case were provided in the State of Texas.  The individual insureds to whom infusion care services were provided in this case live in Houston, Harris County, Texas and League City, Galveston County, Texas.  All of the bills, invoices, or claims for infusion care services that were submitted to Defendant for payment on services rendered were sent to Defendants from Texas; and, were processed by Defendants in Texas.

## IV.

## **STATEMENT OF FACTS**

The claims asserted by Plaintiff against Defendant seek relief under the Texas Prompt Pay Act.  All of the infusion care services that were provided to Defendants' insureds were provided in the State of Texas.  All of the bills, invoices, or claims for infusion care services that were submitted to Defendant for payment on services rendered were sent to Defendants from Texas; and, were processed by Defendants in Texas.  Each of the patients who received infusion care services from Plaintiff during the time period at issue in this case received their health insurance benefits through Defendants; however, none of the health insurance benefits were provided to these patients as a part of any ERISA-based health plan.  Accordingly, no provision of the Employee Retirement Income Security Act ("ERISA") applies to this case.  Instead, the

statutory duties and obligations owed to Plaintiff by Defendants arise exclusively from the independent legal duties owed by an insurer to out of network, infusion care providers, under the Texas Prompt Pay Act. These claims are detailed below.

At all times relevant to the allegations contained in this complaint, Defendants were "insurers" as this term is defined in the Texas Insurance Code. TEX. INS. CODE ANN. § 1301.001(5)(Vernon 2015) (stating that the term "insurer" means a life, health, and accident insurance company, health and accident insurance company, health insurance company, or other company operating under Chapters 841, 842, 884, 885, 982, or 1501 of the Texas Insurance Code, that is authorized to issue, deliver, or issue for delivery in the State of Texas health insurance policies). During the relevant time periods for this case, Defendants were licensed to do business in the State of Illinois and Texas as a health insurance company. As a licensed insurer doing business in the State of Texas, Defendants are subject to the laws of the State of Texas governing unfair trade practices and the prompt payment of claims, including the provisions of the Texas Prompt Pay Act.

At all times relevant to the allegations contained in this complaint, Plaintiff was a health provider who provided specialty or other medical care or health care services at the request of an in network, preferred provider because the services provided by Plaintiff were not reasonably available from an in network preferred provider who was included in the preferred delivery network.

Plaintiff provided infusion care services to patients who received their health insurance through Defendants. At the time the infusion care was provided to these patients, Plaintiff was an out of network provider, meaning that Plaintiff did not have a written provider contract with Defendants by which Plaintiff and Defendants had agreed upon particular fee for service rates for

7

the provision of infusion care to Defendants' insureds. All of the infusion care services provided Defendants' insureds constitute "specialty or other medical care or health care services" that were provided to Defendants' insureds at the request of an in network, preferred provider named Patricia Salvato, M.D. The infusion care services were requested by Dr. Salvato because the infusion care services provided by Plaintiff were not reasonably available from an in network preferred provider who was included in the preferred delivery network. Accordingly, Plaintiff has standing under the Texas Prompt Pay Act to assert a claim for actual damages, penalties and interest, and attorney's fees. TEX. INS. CODE ANN. § 1301.069(1)(2)(B) (Vernon 2015). Once the infusion care was provided to these patients, Defendants were billed for the infusion care services that were provided by Plaintiff through the submission of a "clean" claim as defined in the Texas Insurance Code. TEX. INS. CODE ANN. § 1301.131 (Vernon 2015); TEX. INS. CODE ANN. § 843.336 (Vernon 2015). The claims for infusion care services were submitted by Plaintiff to Defendants for payment in electronic format.

All the claims submitted to Defendants for payment complied with all the necessary elements of a clean claim as set forth in § 1301.131 and § 843.336 of the Texas Insurance Code. TEX. INS. CODE ANN. § 1301.131 (Vernon 2015); TEX. INS. CODE ANN. § 843.336 (Vernon 2015). Plaintiff's clean claims were timely submitted to Defendants for prompt payment, not later than the 95th day after the date Plaintiff provided the infusion care services for which the claim was made in compliance with §§ 1301.102 and 843.337 of the Texas Insurance Code. TEX. INS. CODE ANN. § 1301.102 (Vernon 2015); TEX. INS. CODE ANN. § 843.337 (Vernon 2015).

Defendants were required to pay Plaintiff for the clean claims (at the specified rate billed to Defendants by Plaintiff) that were properly and timely submitted to Defendants within the

statutorily prescribed 30 day deadline set forth in §§ 1301.103 and 843.338 of the Texas Insurance Code.  TEX. INS. CODE ANN. § 1301.103 (Vernon 2015); TEX. INS. CODE ANN. § 843.338 (Vernon 2015); TEX. INS. CODE ANN. § 1301.069 (Vernon 2015) (Texas Prompt Pay Act requirements apply to out of net work providers); TEX. INS. CODE ANN. § 843.351 (Vernon 2015) (same); TEX. INS. CODE. ANN. § 1301.056 (Vernon 2015) (prohibiting insurers and third party administrators from unilaterally discounting or refusing to pay out of network providers for services rendered at the rate billed by provider).

Despite the timely and proper submission of clean claims, Defendants did not: (1) contest or dispute Plaintiff's claims within the 30 day deadline for action; (2) determine that the clean claims submitted by Plaintiff were payable at the rate of payment set forth by Plaintiff, and (3) did not pay the billed charges submitted by Plaintiff according to the rate of payment set forth in the clean claim forms submitted by Plaintiff, as required under Texas law.  TEX. INS. CODE ANN. § 1301.103 (Vernon 2015); TEX. INS. CODE ANN. § 843.338 (Vernon 2015); TEX. INS. CODE ANN. § 1301.069 (Vernon 2015) (Texas Prompt Pay Act requirements apply to out of net work providers); TEX. INS. CODE ANN. § 843.351 (Vernon 2015) (same); TEX. INS. CODE. ANN. § 1301.056 (Vernon 2015) (prohibiting insurers and third party administrators from unilaterally discounting or refusing to pay out of network providers for services rendered at the rate billed by provider).

In violation of the Texas Prompt Pay Act, Defendants failed to timely and properly pay Plaintiff for the full amount of the billed charges submitted to Defendants for services rendered on these infusion care patients as required by the Texas Prompt Pay Act.  Consequently, Plaintiff has experienced substantial actual damages; and, seeks all relief available under the Texas Prompt Pay Act, including actual damages, statutory penalties and interest, and attorney's fees

for claims that were never paid at all; and, for those claims that were improperly and untimely underpaid by Defendants in violation of the Texas Prompt Pay Act.

## V.

## TEXAS PROMPT PAY ACT CLAIMS

As outlined above, this is a case in which Plaintiff is pursuing its remedies under the Texas Prompt Pay Act. TEX. INS. CODE. ANN. §§ 1301.101-1301.109 (Vernon 2015) and TEX. INS. CODE. ANN. §§ 843.336-843.354 (Vernon 2015). Despite the timely and proper submission of clean claims, Defendants did not: (1) contest or dispute Plaintiff's claims within the 30 day deadline for action; (2) determine that the clean claims submitted by Plaintiff were payable at the rate of payment set forth by Plaintiff, and (3) did not pay the billed charges submitted by Plaintiff according to the rate of payment set forth in the clean claim forms submitted by Plaintiff, as required under Texas law. TEX. INS. CODE ANN. § 1301.103 (Vernon 2015); TEX. INS. CODE ANN. § 843.338 (Vernon 2015); TEX. INS. CODE ANN. § 1301.069 (Vernon 2015) (Texas Prompt Pay Act requirements apply to out of net work providers); TEX. INS. CODE ANN. § 843.351 (Vernon 2015) (same); TEX. INS. CODE ANN. § 1301.056 (Vernon 2015) (prohibiting insurers and third party administrators from unilaterally discounting or refusing to pay out of network providers for services rendered at the rate billed by provider).

In violation of the Texas Prompt Pay Act, Defendants failed to timely and properly pay Plaintiff for the full amount of the billed charges submitted to Defendants for services rendered on these infusion care patients as required by the Texas Prompt Pay Act. Consequently, Plaintiff has experienced substantial actual damages; and, seeks all relief available under the Texas Prompt Pay Act, including actual damages, statutory penalties and interest, and attorney's fees for claims that were never paid at all; and, for those claims that were improperly and untimely

underpaid by Defendants in violation of the Texas Prompt Pay Act.

For the wholly unpaid claims, Defendants are required to pay Plaintiff the total amount of the billed charges (actual damages); and, pursuant to § 1301.137(c) of the Texas Insurance Code, and § 843.342(c) of the Texas Insurance Code, a penalty in the amount of the lesser of: (1) 100 percent of the billed charges, as submitted by Plaintiff, or $200,000.00 per claim submitted, plus 18 percent annual interest on this amount per claim. TEX. INS. CODE ANN. § 1301.137(c) (Vernon 2015); TEX. INS. CODE ANN. § 843.342(c) (Vernon 2015); TEX. INS. CODE ANN. § 1301.069 (Vernon 2015) (Texas Prompt Pay Act requirements apply to out of net work providers); TEX. INS. CODE ANN. § 843.351 (Vernon 2015) (same). Interest on the individual claim amounts accrues beginning on the date the insurer was required to pay the claim and ending on the date the claim and the penalty are paid in full. TEX. INS. CODE ANN. § 1301.137(c) (Vernon 2015); TEX. INS. CODE ANN. § 843.342(c) (Vernon 2015); TEX. INS. CODE ANN. § 1301.069 (Vernon 2015) (Texas Prompt Pay Act requirements apply to out of net work providers); TEX. INS. CODE ANN. § 843.351 (Vernon 2009) (same).

For the claims that were improperly and untimely underpaid, Defendants are required to pay Plaintiff the total amount of the difference between 100 percent of the billed charges, as submitted by Plaintiff, and the amount that was partially paid (actual damages); and, all available relief under § 1301.137(d)-(f) of the Texas Insurance Code, and § 843.342(d)-(f) of the Texas Insurance Code, including statutory penalties and interest on the lesser of: (1) underpaid amount for each claim (e.g., the difference between 100 percent of the billed charges, as submitted by Plaintiff, and the amount that was partially paid), or $200,000.00 per underpaid claim submitted, plus 18 percent annual interest on this amount per claim. TEX. INS. CODE ANN. § 1301.137(d)-(f) (Vernon 2015); TEX. INS. CODE ANN. § 843.342(d)-(f) (Vernon 2015); TEX. INS. CODE ANN. §

1301.069 (Vernon 2015) (Texas Prompt Pay Act requirements apply to out of net work providers); TEX. INS. CODE ANN. § 843.351 (Vernon 2015) (same). Interest on the individual claim amounts accrues beginning on the date the insurer was required to pay the claim and ending on the date the claim and the penalty are paid in full. TEX. INS. CODE ANN. § 1301.137(d)-(f) (Vernon 2015); TEX. INS. CODE ANN. § 843.342(d)-(f) (Vernon 2015); TEX. INS. CODE ANN. § 1301.069 (Vernon 2015) (Texas Prompt Pay Act requirements apply to out of net work providers); TEX. INS. CODE ANN. § 843.351 (Vernon 2015) (same).

Plaintiff is also entitled to recover reasonable attorney's fees and court costs. TEX. INS. CODE ANN. § 1301.108 (Vernon 2015); TEX. INS. CODE ANN. § 843.343 (Vernon 2015); TEX. INS. CODE ANN. § 1301.069 (Vernon 2015) (Texas Prompt Pay Act requirements apply to out of net work providers); TEX. INS. CODE ANN. § 843.351 (Vernon 2015) (same).

## VI.

## **WAIVER**

According to § 1301.103 and § 843.338 of the Texas Insurance Code, within 30 days of receiving an electronic "clean claim" (45 days for non-electronic clean claims) from an out of network provider, "the insurer *shall make a determination of whether the claim is payable* and:

1. If the insurer determines the entire claim is payable, pay the total amount of the claim in accordance with the contract between the preferred provider and the insurer;

2. If the insurer determines a portion of the claim is payable, pay the portion of the claim that is not in dispute *and notify the preferred provider in writing why the remaining portion of the claim will not be paid*; or

3. If the insurer determines that the claim is not payable, *notify the preferred provider in writing why the claim will not be paid*."

TEX. INS. CODE ANN. § 1301.103 (Vernon 2015) (emphasis added); TEX. INS. CODE ANN. § 843.338 (Vernon 2015) (emphasis added). The plain text of §§ 1301.103 and 843.338 of the

Texas Insurance Code requires an insurer to pay or dispute an out of network provider's claim within the 30/45 day deadline. *Id*. There is no other time period provided in the statute to allow the insurer to fulfill its statutory duty to "make a determination of whether the claim is payable[.]" *Id*. In fact, the Prompt Pay Act contains multiple provisions that expressly prohibit any extension of the 30/45 day deadline to allow the insurer more time to fulfill its pay or dispute duties under §§ 1301.103 and 843.338 of the Texas Insurance Code. TEX. INS. CODE ANN. § 1301.1053 (Vernon 2015); TEX. INS. CODE ANN. § 843.3405 (Vernon 2015); TEX. INS. CODE ANN. § 1301.134(b) (Vernon 2015); TEX. INS. CODE ANN. § 843.349(b) (Vernon 2015).

None of Plaintiff's claims in this case were properly paid or disputed within the 30/45 day deadline. Defendants never alleged that any of Plaintiff's claims were improperly or untimely submitted for payment, or complained to Plaintiff that any claim submitted by Plaintiff was not a "clean claim" as defined by Texas law within the statutorily required time period. By failing to contest or dispute any of Plaintiff's claims within the 30/45 day deadline, Defendants have waived the ability to contest or dispute these claims in the context of this case. TEX. INS. CODE ANN. § 1301.137 (Vernon 2015); TEX. INS. CODE ANN. § 843.342 (Vernon 2009); TEX. INS. CODE ANN. § 1301.069 (Vernon 2015) (Texas Prompt Pay Act requirements apply to out of net work providers) and TEX. INS. CODE ANN. § 843.351 (Vernon 2015) (same). Finally, none of the defenses set out in the Texas Prompt Pay Act that are potentially available to avoid the penalties discussed above are applicable. TEX. INS. CODE ANN. § 1301.137(h) (Vernon 2015) and TEX. INS. CODE ANN. § 843.342(h) (Vernon 2015).

## VII.

## **CONDITIONS PRECEDENT**

Plaintiff has complied with all conditions precedent necessary to the filing of this lawsuit. Plaintiff has fulfilled all written notice requirements under Texas law that are necessary for the presentment of its Texas Prompt Pay Act claims and its claim for reasonable attorney's fees. In sum, all conditions precedent that form the basis of Plaintiff's claims against Defendants have occurred, been satisfied, or have been fulfilled.

## VIII.

## **JOINT AND SEVERAL LIABILITY**

Defendants are jointly and severally liable for the Texas Prompt Pay Act violations that form the basis of this lawsuit.

## IX.

## **INTEREST AND COSTS**

Plaintiff seeks the recovery of pre-judgment interest and post-judgment interest as authorized by law. Plaintiff also seeks recovery for all costs, including costs of court.

## X.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury as guaranteed by the Texas and U.S. Constitutions. Plaintiff has paid the jury fee for a jury trial.

## XI.

## **CONCLUSION AND PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against the Defendants, jointly and severally, as follows:

1. Actual damages in the amount of the difference between the actual amount paid, if any, and the total billed amount for each clean claim presented;

2. The statutory penalty and interest amount on each unpaid and underpaid claim at issue as calculated under § 1301.137 of the Texas Insurance Code, and § 843.342 of the Texas Insurance Code;

3. Reasonable attorney's fees as recoverable pursuant to § 38.001 of the Texas Civil Practice and Remedies Code and the Texas Prompt Pay Act;

4. Court costs;

5. Pre-judgment interest at the maximum legal rate;

6. Post-judgment interest at the maximum legal rate; and,

7. Such other and further relief as the Court may consider proper.

Respectfully submitted,

**ROBERT D. GREEN & ASSOCIATES, P.C.**

*/s/ Robert D. Green*
Robert D. Green
TBN: 08368025
The Lyric Centre
440 Louisiana, Suite 1930
Houston, Texas 77002
Telephone: (713) 654-9222
Facsimile: (713) 654-2155
Email: green@greentriallaw.com

**ATTORNEYS FOR PLAINTIFF**