UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **EXPERIENCE INFUSION CENTERS** ) | CASE NO. **4:19-cv-00221** |
| **JIM RUTHERFORD** ) | |
| ) | |
| Plaintiffs ) | |
| ) | ACTION FOR DEFAMATION |
| Vs. ) | |
| ) | |
| **HEALTH CARE SERVICE** ) | |
| **CORPORATION** ) | |
| **BLUECROSS BLUESHIELD** ) | |
| **OF TEXAS** ) | |
| **ADAM VALDEZ** ) | |
| **RICHARD K. RUMINSKI** ) | |
| ) | |
| Defendants ) | |
| _____ ) | |

### SECOND AMENDED COMPLAINT

Plaintiffs **EXPERIENCE INFUSION CENTERS** and **JIM RUTHERFORD**, through counsel, bring this action for defamation against Defendants **HEALTH CARE SERVICES CORPORATION** ("HCSC") its subsidiary **BLUE CROSS BLUE SHIELD OF TEXAS** ("BCBSTX") and Defendants **ADAM VALDEZ** and **RICHARD K. RUMINSKI** ("Ruminski"), in their personal capacity, and allege as follows:

### I. <u>PARTIES</u>

1.  Plaintiff **EXPERIENCE INFUSION CENTERS, LLC** ("EIC") is a Texas limited liability company that provides, among other services, specialized treatments, sterile compounding, and prescription drugs to its patients.

2.  Plaintiff **JIM RUTHERFORD** ("Rutherford") is an individual and a resident of Harris County TX. Plaintiff Rutherford is a manager at Plaintiff EIC.

3.      Defendant **BLUECROSS & BLUESHIELD OF TEXAS** ("Defendant BCBSTX") is a Texas subsidiary of co-Defendant Health Care Service Corporation engaged in the business of, among other things, managing various private healthcare plans including the prescription benefits programs of self-funded employer healthcare plans. BCBSTX may be served with process through its resident agent at Corporation Service Company, 211 E. 7th St. Suite 620, Austin, TX 78701-3218.

4.      Defendant **HEALTH CARE SERVICE CORPORATION** ("HCSC") is an Illinois corporation engaged in the business of, among other things, managing various private healthcare plans including prescription benefits plans. HCSC may be served with process through its resident agent at Corporation Service Company, 211 E. 7th St. Suite 620, Austin, TX 78701-3218.

5.      Defendant **ADAM VALDEZ** ("VALDEZ") is an individual, and a resident of the State of Texas. Upon information VALDEZ was a contractor, employee, agent, and/or representative of Defendants BCBSTX and HCSC. VALDEZ is being sued in his personal capacity for making defamatory statements against the Plaintiffs. Upon information, Defendant Valdez is no longer associated with Defendants HCSC and its division BCBSTX.

6.      Defendant **RICHARD K. RUMINSKI** ("RUMINSKI") is an individual and a resident of the State of Texas. Upon information, Defendant Ruminski is an employee, agent, and/or representative of Defendant BCBSTX who on behalf of Defendants HCSC and BCBSTX made defamatory statements against the Plaintiffs.  Defendant Ruminski is being sued in his personal capacity.

## II. <u>NO FEDERAL JURISDICTION</u>

7.      This Court has no jurisdiction over this matter because of lack of complete diversity of citizenship. Plaintiffs EIC and RUTHERFORD are residents and citizens of Texas. Defendants HCSC and its subsidiary BCBSTX are citizens of Illinois. Defendants VALDEZ and RUMINSKI are citizens and residents of Texas, and are being sued in their personal capacity.  Accordingly, the Court has no subject matter jurisdiction because of the defendants' lack of complete diversity of citizenship.

## III. <u>VENUE</u>

8.      All events in this matter occurred in in Harris County, Texas. Notwithstanding Plaintiffs' objection to this Court's subject matter jurisdiction, venue is proper in the Houston Division.

## IV. <u>STATEMENT OF FACTS</u>

9.      Plaintiff Rutherford works as a manager at Plaintiff EIC, a specialty pharmacy that provides customized sterile compounding solutions to patients with serious chronic illnesses.

10.     Between January 1, 2015 through January 1, 2017, EIC submitted to Defendants BCBSTX and HCSC valid prescription claims valued at over $2.5 million dollars on behalf of patients suffering from various chronic illnesses.

11.     EIC provided customized expensive sterile compounding therapies to these patients. At all times, each claim for reimbursement submitted was substantiated by proper medical records, prescriptions, and/or medical authorization.

12.     At all times relevant to this action, each of EIC's patients' healthcare plan approved the payment for all claims submitted by Plaintiff EIC.

13.  Upon information, beginning March 2016 and continuing to this date, Defendants BCBSTX and HCSC began a secret and concerted effort to avoid paying Plaintiff EIC's claims. For example, Defendant BCBSTX would routinely issue boilerplate denial letters based on erroneous and meritless grounds. Defendant BCBSTX would then outright deny Plaintiff EIC's claims based on false assertions that the treatments are medically unnecessary.

14.  Upon information, in a further effort to avoid paying Plaintiff EIC's claims, Defendants BCBSTX and HCSC made false and defamatory claims against Plaintiffs to various federal agencies, including the Federal Bureau of Investigation ("FBI") alleging that Plaintiffs defrauded the federal government out of millions of dollars' worth of prescription claims.

15.  In late June 2017, Plaintiff Rutherford received a federal court subpoena to appear before a July 14, 2017 federal grand jury investigating Plaintiff EIC for alleged violations of various healthcare laws. Plaintiff Rutherford then met with FBI agents to inquire about the nature of the investigation and the subpoena.  The agents refused to provide Plaintiff with any information about the source of the allegations of healthcare fraud.

16.  On August 1, 2017, the FBI requested from Plaintiffs thousands of documents from Plaintiffs.

17.  In September 2017, the FBI informed Plaintiffs that certain third-parties alleged that Plaintiffs engaged in serious healthcare fraud. The FBI refused to provide the names of the entities or individuals that made these allegations.

18.  After months of widespread and intense investigation, the FBI returned the documents to EIC and closed its investigation during the first week of March 2018.

19.  Sometime in March of 2018, Plaintiff discovered that Defendants were the parties who made the false and defamatory statement of healthcare fraud to the FBI and other law enforcement agencies

to sabotage EIC's claims for reimbursement from Defendant HCSC and BCBSTX.

20. Specifically, Plaintiffs learned that Defendants VALDEZ and RUMINSKI told FBI agents and upon information other federal agencies, that Plaintiffs EIC and RUTHERFORD jointly and collectively engaged in fraudulent billing schemes, billed for non-rendered services, and engaged in other unlawful behavior.

21. Defendant VALDEZ, a former FBI agent, upon information, used his contacts at the FBI to advance the defamatory statements against Plaintiffs and convinced the FBI to commence a massive investigation of Plaintiffs EIC and Rutherford.

22. Similarly, Defendant RUMINSKI made false statements to the FBI and others that Plaintiffs engaged in serious healthcare fraud and billed the federal governments for services that were never rendered.

23. Defendants BCBSTX and HCSC, a company known of defrauding Medicare, the City of Chicago, healthcare plans, among others, jointly and knowingly sought and to ruin Plaintiffs' business reputation and falsely expose Plaintiff Rutherford to serious personal harm by defaming Rutherford and EIC to the FBI, to ultimately shut down EIC. In so doing, Defendants BCBSTX and HCSC to avoid paying millions of dollars of lawful claims owed to Plaintiff EIC.

24. None of the defamatory statements made by the Defendants were privileged.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### DEFAMATION PER SE & PER QUOD

25.     Paragraphs 1 through 24 are repeated herein.

26.     Between July 15, 2017 and March 2018, Defendants published defamatory and false statements of fact to various law enforcement agencies referring to Plaintiffs Rutherford and EIC as engaged in serious healthcare fraud.

27.     Defendants' statements were made with actual malice against Plaintiffs to such degree as to cause the FBI to begin a meritless criminal investigation of Plaintiffs that was closed after the FBI found the allegations to be unsubstantiated.

28.     Not only did Plaintiff RUTHERFORD suffer presumed personal reputation damages, but also incurred economic damages against his capacity as a businessman.

29.     Defendants' statements to the FBI, and upon information other third parties, viciously attacked Plaintiff Rutherford's personal and business reputation with clearly injurious and false facts by claiming that Plaintiff Rutherford, as manager of EIC, committed healthcare fraud by submitting false claims to the Federal Government for repayment.

30.     Defendants then sought to use law enforcement to not pay the claims that Defendant HCSC and BCBSTX owed to Plaintiff EIC.

31.     As such, Defendants are liable to both Plaintiff Rutherford and Plaintiff EIC for defamation *per se*, and defamation *pro quod* for which Plaintiffs bring the above-styled lawsuit.

## SECOND CAUSE OF ACTION
## BUSINESS DISPARAGEMENT

32.    Paragraphs 1 through 31 are repeated herein.

33.    Defendants published and distributed disparaging and false words regarding Plaintiff EIC's business operations without authorization and with the clear intent to maliciously harm Plaintiffs' business operation.

34.    Defendants published and distributed disparaging and false statements regarding Plaintiff Rutherford without authorization and with the clear intent to maliciously harm Plaintiff Rutherford's personal reputation.

35.    The defamatory statements became known to numerous third parties causing damage to Plaintiff Rutherford's reputation as a businessman, and his employer Plaintiff EIC.

## THIRD CAUSE OF ACTION
## TORTIOUS INTERFERENCE WITH PROSPECTIVE RELATIONS

36.    Paragraphs 1 through 35 are repeated herein.

37.    Plaintiff Rutherford works for EIC, a sterile compounding pharmacy that operates in a highly regulated business that requires compliance with all healthcare laws.

38.    Plaintiffs regularly seek opportunities with third parties in the healthcare industry. However, as a result of Defendants' defamatory publications, Plaintiff's prospective relations with third parties was thoroughly and irreparably interfered with and severely harmed.

39.    Because of each of the Defendants' repeated and malicious defamatory statements, Plaintiffs suffered loss of potential business and have been wholly deprived of the ability to earn a living wage in a variety of instances. As such, Defendants are liable to Plaintiffs for tortious interference with

prospective relations and all damages related to same, for which Plaintiffs bring the above-styled lawsuit.

## FOURTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

40.     Paragraphs 1 through 39 are repeated herein.

41.     Plaintiff Rutherford is an individual who has suffered and continues to suffer severe emotional distress as a direct result of Defendants' reckless actions in publishing their extreme, outrageous, and, most notably, false statements regarding Plaintiff Rutherford and EIC, his employer.

42.     The effect of Defendants' actions caused upheaval in Plaintiff Rutherford's personal and business life. Further, the content of the false statements made by Defendants would have caused distress to any normal individual, and no alternative cause of action will suffice to remedy the severe emotional distress caused to Plaintiff Rutherford by Defendants. As such, Defendants are liable to Plaintiff for intentional infliction of emotional distress, and all damages related to same, for which Plaintiff brings the above-styled lawsuit.

## VI.  ATTORNEYS' FEES

43.     The actions of Defendants have made it necessary for Plaintiffs to retain the undersigned counsel to file this suit. Therefore, pursuant to § 38.001, et seq., of the Texas Civil Practices and Remedies Code, Plaintiff is entitled to recovery of all reasonable attorneys' fees and litigation costs incurred in the prosecution and trial of this case, and in any appeal of this action.

## VII.  EXEMPLARY DAMAGES

44.    The wrongs done by Defendants were aggravated by that kind of willfulness, wantonness and malice for which the law allows the imposition of exemplary damages. The conduct of Defendants was intentional, willful and wanton, was without justification or excuse, and is offensive to any sense of public justice. Defendants acted with deliberate indifference to the rights and interests of Plaintiffs. Plaintiffs, therefore, seek punitive or exemplary damages from Defendants. An award of exemplary damages will not only deter Defendants from again taking such actions but would also serve to warn and deter others who might consider such actions in the future. Texas law authorizes this Court to award treble damages for injuries inflicted on Plaintiffs by Defendants.

## VIII.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request the following damages:

i.    Economic damages against all Defendants totaling Nine Hundred Thousand ($1,200,000.00) Dollars;

ii.    Damages resulting from defamation, business disparagement, and negligent infliction of emotional distress against Defendant BCBSTX in the amount of One Million Dollars; ($1,000,000.00).

iii.    Damages resulting from defamation, business disparagement, and negligent infliction of emotional distress against Defendants in the amount of One Million Five Hundred Thousand Dollars; ($ 1,500,000.00)

iv.    Exemplary damages trebling claimed damages for defamation and related causes of action, including mental anguish herein alleged;

v.    Attorneys' fees incurred in the prosecution of this action, including conditional awards in the event of new trial, or any appeals;

vi.    All costs of litigation and court fees incurred by Plaintiff, including pre-judgment and post-judgment interest at the maximum legal rate; and further relief to which Plaintiff may justly be entitled.

*Date: February 20, 2019*                    Respectfully Submitted,


By:      */s/ Nizar A. DeWood*
         Nizar A. DeWood, Esq.
         State Bar No. 24091997
         DeWood, P.C.
         4200 Montrose Blvd. Suite 540
         Houston, Texas 77006
         T. (713) 492-2274F. (888) 398-8428
         nizar@dewood-law.com
         Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Second Amended Complaint was served on Defendants BCBSTX and HCSC through their counsel by ECF on February 20, 2019.


*/s/ Nizar A. DeWood*
Nizar A. DeWood